## E. N. DINWIDDIE v. BOWDEN TIMS.

### Decided October 24, 1908.

**1.—Homestead—Exemption—Pendency of Suit for Divorce.**

The pendency of a suit for divorce by the husband against the wife on the ground of abandonment, and the subsequent rendition of a decree for divorce in such suit would not affect the legal status of the husband as that of a married man and the head of a family (there being several minor children living with the husband) so far as the homestead exemption was concerned.

**2.—Homestead—Occupancy—Dedication—Case Distinguished.**

Where there has been no previous occupancy there should be at least a present bona fide intention to dedicate the property to homestead use coupled with such acts of preparation as would amount to notice of the dedication, in order to invest the property with the homestead exemption. Scott v. Dyer, 60 Texas, 135, distinguished,

**3.—Same—Mechanic's Lien.**

In a suit to foreclose a mechanic's lien upon property claimed by the defendant to have been his homestead at the time the material was furnished, evidence considered, and held to support a finding of the trial court that said property was not invested with the homestead character at that time.

**4.—New Trial—Sickness and Absence of Plaintiff.**

Motion for new trial based upon sickness and absence of plaintiff at the time of the trial considered, and held sufficient to entitle plaintiff to a new trial.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*W. C. Prewitt,* for appellant.

*Bryan & Spoonts,* for appellee.

PRESLER, ASSOCIATE JUSTICE.—This is an action brought by Bowden Tims, plaintiff, against E. N. Dinwiddie, defendant, on an open account for the sum of $318.45 and interest, for lumber and building material furnished in September, 1906, and to foreclose furnisher's lien on certain lots in Rosen Heights Addition to North Fort Worth, Tarrant County, Texas. Defendant answered by general demurrer and general denial, and specially, that the lots in controversy were his homestead; that he was a married man and the head of a family, and that the material was furnished under a verbal contract on his personal credit. A trial was had October 11, 1907, before the court without a jury, resulting in judgment for plaintiff for $332.70, and foreclosure of builder's and furnisher's lien on the lots. Defendant filed motion for a new trial and amended motion on October 31, 1907; plaintiff having filed a remittitur of one hundred dollars, and the judgment theretofore entered having been reduced in amount to correspond with said remittitur, and finally entered for the sum of $232.70, after which defendant's said motion for rehearing was overruled, to which action by the court defendant excepted, and in open court gave notice of appeal, and herein assigns errors and seeks reversion of the judgment entered.

*Opinion.*—Appellant's first and second assignments of error complain of the finding of the court on the issue of homestead involved in this case, and of the court's action in fixing and foreclosing a material man's lien on the property, which appellant, in the court below and here, contends was exempt as his homestead at the time the lumber and material were furnished. We are unable to agree with the contention of the appellant as presented in said assignments, that, at the time the lumber and material were furnished and the contract therefor was made, the evidence as shown by the record in this case showed a dedication of the property as a homestead. We are of the opinion that notwithstanding the then pendency of a suit by appellant against his wife, Lillie B. Dinwiddie, for divorce on the alleged ground of abandonment existing for more than three years prior to said time, and the subsequent rendition of judgment in his favor for the divorce sued for, his legal status at the time the material was furnished was that of a married man and the head of a family consisting of his said wife, Lillie v. Dinwiddie, and one or

more minor children, and that he was entitled to a homestead exemption, and that, notwithstanding the rendition of said decree of divorce, the required constituent elements of a family still existed, being constituted of himself and of his said minor children.

In this case there had been no actual occupancy of the property in question prior to the time the material was furnished, and, as is well settled by the decisions in this State, where there has been no previous actual occupancy, there should be at least a bona fide intention to use the property as a homestead, coupled with such acts of preparation and subsequent early use as a homestead as would reasonably amount to the notice otherwise given by actual occupancy. In the case of Franklin v. Coffee, 18 Texas, 417, in rendering the opinion where there had been no actual occupancy as a home, Chief Justice Hemphill, delivering the opinion, said: "Nor would it be necessary to secure the exemption that the house should be built or improvements made, but there must be a preparation to improve, and this must be of such character and to such an extent as to manifest, beyond a doubt, the intention to complete the improvements and to reside upon the place as a home." The rule as thus laid down by Judge Hemphill in the above case has been followed in a great number of cases, and, in fact, by an almost unbroken line of decisions holding in effect that, where there has been no previous occupancy, there should be at least a present bona fide intention to dedicate the property to homestead use, coupled with such acts of preparation as would amount to notice of the dedication of the homestead.

The only case that we have been able to find where the dedication of the homestead apparently rested upon intention unaccompanied by acts of preparation, is the case of Scott v. Dyer, 60 Texas, 135, but this is a case where the party asserting the homestead right had lived upon a tract containing four acres, and had sold the improved part and moved away, but with the intention to make home upon the remainder. No act was done to evidence this intention, but it appears from an inspection of this case that when they sold part of the lot they reserved the part in controversy as a homestead, intending to improve it for that purpose, and that this intention continued to exist until the date of the levy and sale, and that up to the date of the levy no improvements or preparations for the same had been made upon the land in controversy, but that, on the contrary, the enclosure had been partly destroyed at that date, and the premises been left uninclosed upon one side. In this case the court holds the property in controversy to be exempt, but rests the holding upon the original dedication, and in addition thereto holds that there had been no abandonment of the homestead exemption acquired by the former occupancy of the tract as a whole.

As stated in the brief of appellant, defendant proved at the trial that when the material was furnished and the building erected, the lots were the only real property he owned; that they were in one body; that after the erection of the building he moved into it with his family and occupied it as a home, and that he was at that time the head of a family. This, as stated by appellant, was all the evidence offered on the issue of the homestead character of the property at the trial. Appellant did not testify in the trial of the case, it appearing from his motion for a new trial and his affidavit and that of his physician appended to said mo-

tion, that he was unavoidably absent on account of sickness. We are unable to agree with appellant, as hereinbefore stated, that the evidence as set out above and adduced on the trial of this cause is sufficient to establish the homestead character of the property at the time of the sale and delivery of the lumber furnished by appellee, and that this case should be here reversed and rendered in his favor. Appellant's first and second assignments are therefore overruled.

Appellant's third assignment complains of the action of the court in overruling defendant's amended motion for a new trial, it being alleged in substance in said motion that at the time of the trial of this cause defendant was unable to attend court on account of serious illness, and was unavoidably absent; that that fact was unknown to his attorney at the time of trial; that defendant has a meritorious defense in that he did not owe the debt sued on; that the property was his homestead; that he was a married man and the head of a family at the time the material was furnished to him on a verbal contract and on his personal credit; that on another trial he would testify to such facts; that there were no other witnesses by whom such facts could be proven; that great injustice had been done him, and that a different result would be likely obtained on another trial; that the property was his homestead, the only real estate owned by him at the time, improved for the purpose of being used by him as a homestead, and so known to the plaintiff, and actually occupied and enjoyed by him as a homestead after the completion of the building thereon. In support of this motion appellant filed as exhibits, and made the same a part of the motion, affidavits of himself and his physician showing the inability of appellant to be present at the trial of the case on account of sickness. On an examination of appellant's motion and accompanying exhibits, and of the evidence considered by the court on hearing of appellant's motion for a new trial, we are inclined to the opinion that the appellant made such showing as entitled him to a new trial, and that the court erred in overruling his motion therefor (Spencer v. Kinnard, 12 Texas, 188) ; that on the former trial appellant was deprived of the benefit of his own evidence on the material issue of the homestead character of the property, without apparent fault on his part, and that this case should therefore be reversed and remanded, and it is so ordered.

*Reversed and remanded.*