**PEARSON et al. v. FELPS et al.**

**No. 11257.**

Court of Civil Appeals of Texas. Dallas.

Sept. 10, 1932.

Rehearing Denied Oct. 15, 1932.

Frank R. Graves, of Fort Worth, for appellants.

Cal Estill, of Fort Worth, for appellees.

VAUGHAN, J.

On January 2, 1932, E. D. Pearson, a non compos mentis, acting by and through his guardian and wife, Bessie Pearson, and Bessie Pearson individually, appellants, presented to Hon. Claude M. McCallum, judge of the 101st district court, their petition against appellees, A. W. Felps and Tom McMurray, for and obtained a temporary injunction restraining appellees from selling, or offering to sell, a certain 50-acre tract of land located in Dallas county, under a deed of trust executed thereon by one Cordie Pearson, as guardian of the estate of said E. D. Pearson, to secure the payment of a promissory note in the sum of $900 executed by the said Cordie Pearson as guardian aforesaid, on May 25, 1928, payable to appellee Felps. As grounds for the equitable relief sought, appellants, in part, alleged: "That the plaintiff, E. D. Pearson is non compos mentis and his estate is being administered in the probate court of Tarrant County; that the plaintiff, Bessie Pearson, is the wife of E. D. Pearson, and is the duly appointed, qualified and acting guardian of the person and estate of E. D. Pearson, non compos mentis; that at all times mentioned in this petition the land in question was owned by these plaintiffs in fee simple, and was exempt by the Constitution of the State of Texas from forced sale under and by virtue of the provisions of Article 16 section 50, for the reason that the plaintiffs, E. D. Pearson and Bessie Pearson, are husband and wife and constitute a family, and that the land described in the said deed of trust and notice of sale was then and is now the homestead of these plaintiffs, and was used, occupied and enjoyed by these plaintiffs as their homestead under the terms of the Constitution and the statutes of the State of Texas; that the defendants have issued notice and have posted notice and advertised said land for sale on the first Tuesday in January 1932, and unless restrained the defendants will carry out their declared intention and offer the said land for sale under the authority of the aforesaid deed of trust, and will execute a deed and place the same of record and further cloud the title of said land."

On January 9, 1932, appellees filed their motion to dissolve the temporary writ of injunction granted to appellants, the grounds of said motion, in part, being: That appellee Felps, on or about the 25th day of May, A. D. 1928, at the instance and request of Cordie Pearson, guardian of the estate of E. D. Pearson, non compos mentis, made a loan of $900 to the said Cordie Pearson as such guardian, alleging a full and complete compliance with the law having to do with and directing the proceedings to be had by a guardian in order to negotiate for and close a contract for a loan of money. That said sum of $900 was actually paid to said guardian and was, by said

guardian, paid out for the use and benefit of the said E. D. Pearson, and that he received the full benefit of said loan and that his estate was actually benefited thereby. That appellants had never resided on the 50-acre tract of land involved in this suit on which appellee Felps sought to foreclose deed of trust lien to secure the payment of said $900 note, and had never occupied said tract of land as their homestead at any time, but, to the contrary, had always lived and resided in Tarrant county, Tex., on another and different tract of land belonging to the said E. D. Pearson, on which appellants resided at the time of the institution of this suit, and alleged that said 50-acre tract of land was, in every respect, subject to said deed of trust, same having created a valid and subsisting lien thereon to secure the payment of said note. The court sustained said motion, and from the order dissolving the temporary writ of injunction this appeal was duly prosecuted. By the undisputed evidence introduced upon the hearing of said motion, the following facts were established:

That appellants owned at the time the involved deed of trust was executed, and now own, a house and lot in the town of Grapevine, Tex. That when appellants were able to find tenants for same it was rented for $6 per month; that appellants now occupy, and lived on prior to May 25, 1928, a 40-acre tract of land (to which neither of the appellants have record title, but is owned by the estate of the deceased father of said E. D. Pearson) located about three miles west of the 50-acre tract in question; that appellants, about 12 years ago, built a house on said 40-acre tract and made other permanent and valuable improvements thereon, and were living on the same at the time the involved deed of trust was executed and delivered to appellee Felps; that appellants received and enjoyed the use and benefit of all crops raised on said 40 acres; that the main source of income of appellants always had been, and is now, derived from Cordie Pearson, who was the guardian of E. D. Pearson, when the involved deed of trust was executed. That appellants never at any time lived on the 50-acre tract in question, but during the 13 years of their married life have only, at various times, expressed an intention to move on and use said land as their homestead; that there never had been, nor is there now, any actual user of the 50-acre tract by appellants other than the use of the rents and revenues from said land; that at all times said 50 acres was rented, the revenues therefrom were used solely for the purpose of buying groceries and for the support and maintenance of appellants, and were not used for any other purpose, and they did not have sufficient income to support themselves exclusive of the rents from said 50-acre tract; that long prior to May 25, 1928, appellants constituted a family and

were, and are, farmers and therefore entitled to a rural homestead; that the improvements on the said 50 acres of land were not constructed by the appellants but by Miss Cordie Pearson, who was, at said time, the guardian of E. D. Pearson. The record of this appeal presents but one question for our determination, namely: Whether or not the 50-acre tract in question was the homestead of appellants on May 25, 1928, when Cordie Pearson, who was at that time the guardian of the appellant E. D. Pearson, and was on that date acting in the capacity as such guardian, borrowed $900 from the appellee Felps to secure the payment of which Cordie Pearson made, executed, and delivered to said Felps a deed of trust on the 50-acre tract in question.

■ Appellants, to establish the homestead exemption asserted by them, relied entirely on what they claim to be their good-faith declarations, to at some time in the future move on and occupy the 50-acre tract in question, to use and enjoy the same as their homestead; the testimony adduced in this respect by appellants, we have determined to be insufficient to impress said land with homestead character, this, because the great weight of the authorities is to the effect that for such declarations of intention to have the necessary probative effect, same must be coupled with visible preparatory acts that reasonably substantiate the good faith of the declarations so made. In this case the record discloses that appellants could have, at many different intervals of time during the past 13 years, the period of their married life, moved on the involved 50 acres of land and dedicated it as their homestead, by actual appropriation of same for homestead purposes, namely, actual use, occupancy, and enjoyment of the premises. The course of appellants dealing with said tract of land, we think, is almost conclusive evidence that they never entertained in good faith any serious intention to occupy said land as their homestead, but, to the contrary, that they intended the 40-acre tract upon which they resided during all of their married life to be their permanent home. In the case of Connelly v. Johnson (Tex. Civ. App.) 259 S. W. 634, 635, the rule is announced that the question of homestead or not is to be determined by the obvious acts and uses of the property and not alone by the intentions of the claimants. In the case of Cocke v. Conquest, 35 S.W.(2d) 673, 678, our Supreme Court used the following language which, we think, should rule the instant case, viz.: "The framers of our organic law had no thought of exempting 200 acres of land in the country as a home for each family, upon which its members might reside, when they thought proper, but this exemption is only in the event such lands are used for the purpose of a home," and further held, "where segregated tracts of land are claimed as rural homestead, only those tracts used for homestead

purposes are exempt (Const. art. 16, § 51)." In line with the above are the following cases: Dinwiddie v. Tims, 52 Tex. Civ. App. 72, 114 S. W. 400; Blum v. Rogers, 78 Tex. 530, 15 S. W. 115, 116; Parker v. Cook, 57 Tex. Civ. App. 234, 122 S. W. 419; Garcia v. Uveda (Tex. Civ. App.) 198 S. W. 167; Johnston v. Martin, 81 Tex. 18, 16 S. W. 550; Reed et ux. v. Crump (Tex. Civ. App.) 277 S. W. 737.

We are of the opinion, and therefore hold, that the trial court did not err in entering the order appealed from, and same is affirmed.

Affirmed.