

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4164
Re: Questions relating to homestead
exemption for state taxation
purposes.

This department has received and considered your request for an opinion from which we quote:

"Please give me your opinion on the following questions pertaining to the exemption of homesteads under the provisions of Article 8, Section 1a, of the Constitution:

"1. A man owns rural property which he at one time used for the purposes of a home, he also owns city property which he is living in and he has occupied the city property for a number of years (2, 5, 10 or even 20 years). Can this man claim homestead exemption from State taxes on either property or should the exemption be granted only on the property that he is actually using as a home?

"2. A man owns property in A. County which he at one time occupied and used as a home. He has moved to B. County bought other property which he is living in and he has occupied the property in B. County for a number of years (2, 5, 10 or 20). Can this man claim homestead exemption from State taxes in either County or should the exemption be granted only in the County in which he lives?

"3. A man owns three or more separate properties only one of which he has ever used as a home. Can he claim homestead exemption from State taxes on the property that has the greatest value or should the exemption be granted only on the property that he is actually using as a home?

"4. On the tax rolls of the several counties we find numerous cases of property assessed in the

name of an estate and a homestead exemption has been granted, the address shown on the rolls is a non-resident address. Where the parents are both deceased should the homestead exemption be granted when no constituent member of the family remains to occupy and use the property as a home?"

Article 8, Section 1a, of the Texas Constitution provides:

"Three Thousand Dollars ($3,000.00) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purposes; provided that this exemption shall not be applicable to that portion of the State ad valorem taxes levied for State purposes remitted within those counties or other political subdivisions now receiving any remission of State taxes, until the expiration of such period of remission, unless before the expiration of such period the board or governing body of any one or more of such counties or political subdivisions shall have certified to the State Comptroller that the need for such remission of taxes has ceased to exist in such county or political subdivision; then this Section shall become applicable to each county or political subdivision as and when it shall become within the provisions hereof."

Article 16, Section 51, defines a homestead as contemplated within the provisions of Article 8, Section 1a, supra.

In our opinion No. 0-1800 we held:

"As will be noted, Section 1a, Article 8, limits the exemption to residence homesteads as now defined by law. Neither the Constitution nor the statutory laws differentiate between or define residence or business homesteads, but our courts have universally held that a family may claim either. But Article 8, Section 1a, limits the exemption to residence homesteads."

The general rules with reference to property becoming impressed with the homestead characteristic will be briefly stated.

In 22 Tex. Jur. 51, it is said:

"The constitutional and statutory provisions require that property 'be used for the purpose of a home' in order that it may be exempt, and, to support

the claim of homestead exemption, the claimant must show that the property has been improved or used in some manner indicative of an intention to occupy the premises as a home."

The same authority at page 53 says:

"Proof of intention on the part of the claimant to use the property as a home is essential to a conclusion that the premises were exempt. 'Intention alone cannot give a homestead right; but it is at the same time equally true that all the things combined cannot give it without the intention to dedicate it to the uses of a home.' * * * It has been held since the earliest decisions in this state that 'intention in good faith to occupy is the prime factor' in impressing property with a homestead character. * * * A determination of the issue as to the existence of intention is ordinarily a function of the jury."

In Lasseter vs. Blackwell, (Com. of App.) 227 S.W. 944, the court said:

"It is conceded that intention, although expressed in writing, is not sufficient to give force to the exemption. Something must be done which causes that intention to attach to the property and give to it the character of a home. It must be impressed with the incidents of a home."

In 22 Tex. Jur. 71, supported by many authorities, it is said:

"The homestead continues the homestead as long as it is owned, occupied and used as such. It ceases to be the homestead only when it is abandoned as such. * * * To constitute an 'abandonment' of the homestead, it must affirmatively appear that there was not only a removal from the home, but a removal coupled with an intention never to return."

In 22 Tex. Jur. 81, it is said:

"The issue as to intention not to use the premises or 'abandonment,' as it is generally described, is one of fact to be determined by a jury. * * *"

The rules which we have just quoted are applicable to the propositions submitted by you. The answer to your first and second questions would depend upon the facts in each par-

ticular case to which facts the above rules could be applied, and therefore, we cannot pass upon your first and second questions as a matter of law. We are, therefore, unable to answer your first and second questions specifically.

In connection with the facts presented in your third question you have advised us orally that each of three or more separate properties referred to therein is in excess of 200 acres of land. In view of the facts thus presented in your third question it is definitely settled that a family is not entitled to two homesteads at the same time. Silvers vs. Welch, 127 Tex. 58, 91 S. W. (2d) 686. Only that property which is actually used as a homestead and has actually become impressed with the homestead characteristic could be properly claimed as exempt for taxation purposes under Article 8, Section 1a, of the Texas Constitution. Cocke vs. Conquest, 120 Tex. 43, 35 S. W. (2d) 673; 22 Tex. Jur. 53, supra. Your third question is answered accordingly.

In connection with the facts presented in your fourth question you have advised us orally that you are interested only in the constituent phase of the question and are not interested in the non-resident's phase of the same.

Article 16, Section 50, of the Texas Constitution, provides that:

"The homestead of a family shall be, and is hereby protected from forced sale * * * except * * * for the taxes due thereon. * * *"

Neither the Constitution nor the Legislature has attempted to define a "family," as used in the provisions of the Constitution quoted above. In this connection we desire to quote from the case of Roco vs. Greene, 50 Tex. 483, where it is said:

"We deduce from the authorities the following general rules to determine when the relation of a family, as contemplated by the laws, exists:

"(1) It is one of a social status, not of mere contract.

"(2) Legal or moral obligation on the head to support the other members.

"(3) Corresponding state of dependence on the part of the other members for this support." See also 22 Tex. Jur. pp. 41 to 47, inclusive.

One of the latest expressions of our Supreme Court concerning the nature of the homestead exemption is found in the case of Woods vs. Alvarado State Bank, 19 S.W. (2d) 35, where it is said:

"In view of our Constitutional and statutory provisions concerning homestead rights, we have concluded that in this state the homestead is to be regarded as an estate created not only for the protection of the family as a whole, but for the units of the family, including those who survive, and embracing the head of the family at the time of its dissolution, whether the dissolution has been brought about by death or by dispersal, as distinguished from a mere privilege accorded the head of the family for the benefit of the family as a whole."

Some specific examples of the constituents of a 'family" entitled to claim homestead exemption will be given. A widow, with no living relatives of her own, living with and caring for minor grandchildren of her deceased husband, is the head of her family composed of herself and such minor children and is entitled to claim the homestead exemption as such. Wolfe vs. Buckley, 52 Tex. 641. A single man, living with and supporting his widowed mother, is the head of a family and may claim the exemptions that were created for the benefit of the family. Barry vs. Hale (Civ. App.) 21 S. W. 783. The father of illegitimate children owes to them the moral obligation of caring for and supporting them and that such father and such children, when living together, constitute a family, and the father as the head of such family is entitled to claim the exemption pertaining thereto. Lane vs. Phillips, 69 Tex. 240; 6 S. W. 610; Rutherford vs. Mothershed (Civ. App.) 92 S.W. 1021. A brother and sister living together under conditions wherein it is the moral duty of the brother to support her, she being in a corresponding state of dependence upon him for such support, creates a family, of which he is the head and as such is entitled to claim the exemption. Drought & Co. vs. Stallworth, (Civ. App.) 100 S. W. 188. A grandmother and her grandchild living together, she caring for and supporting the child - the child's parents being unable to do so- creates a family relation, with her as the head. Bank vs. Sokolski, (Civ. App.) 131 S.W. 818; Smith vs. Wright, (Civ. App.) 36 S.W. 324. A dependent father living with and being supported by his unmarried daughters constitutes a family; and such daughters may claim the homestead exemption to property, to which they hold the legal title, though there may be trust therein for the benefit of the father. Hutchenrider vs. Smith, (Com. App.) 242 S. W. 204. One living with a child, that he has in good faith adopted, is the head of the family composed of himself and such child, and as such may claim the exemptions that per-

tain to a family.  Chesnut vs. Specht, (Civ. App.) 272 S.W. 830.  A divorced husband, living with and caring for his minor step-children, the children of his divorced wife, is the head of a family and may claim the exemptions that were created for the benefit of the family.  Smith Bros. vs. Lucas, (Com. App) 26 S.W. 1055.  In our opinion No. O-4176 this department held that when an unmarried daughter who owned her house in which she and her dependent mother lived was entitled to the homestead exemption, within the provisions of Article 8, Section 1a, of the Constitution, upon the death of her mother.  We quote from said opinion:

> "It seems to be the settled law of this state that when a homestead is once established the rights belonging thereto do not cease to exist by reason of the death or dispersal of the constituent members of the family, but such rights continue for the protection of the surviving units of the family, including the head of the family.  In the instant case the unmarried adult daughter and her mother, while living together, constitute a family, with the daughter as its head. Therefore, we see no good reason to hold that the death of the mother would have the effect of dissolving the homestead rights of the daughter that had been acquired while the mother was living.  The fact that the daughter is the sole survivor of the family is unimportant and insufficient to warrant a contrary conclusion."

We are enclosing a copy of Opinion No. O-4176 which contains a detailed discussion of the authorities in support of the above conclusion.

In view of the ever-changing nature of the homestead law, each case as it comes before the court is considered separately and sui generis.  Therefore, the examples of a constituent of a "family," that we have set out herein, are not to be taken nor considered by you as exclusive, because, from the history of the court decisions dealing with homestead law, the court is continually enlarging the scope of the word "family" for homestead exemption purposes.

It is fundamental, of course, that there must be some legal constituent of the family in existence before the claim of homestead exemption can be lawfully asserted and obtained. Likewise, the homestead exemption must necessarily terminate when the person's right to assert the same, under the Constitution and laws of this State, ceases to exist.  Thompson v. Kay, (Sup. Ct.) 77 S. W. (2d) 201, and cases therein cited; 22 Tex. Jur. Sec. 226, pp. 326, 327.

Since you are only interested in the constituency of
a family, in your fourth question, it is answered in accordance
with our expressions hereinabove stated.  In other words, if
there is no surviving constituent of the "family" remaining,
then there would be no one who could lawfully claim and be en-
titled to the homestead exemption.

We trust that in this manner we have answered your
inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Harold McCracken
Harold McCracken
Assistant

HM:ej:wc
Encl.

APPROVED  FEB 18, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman