NO.
12-06-00396-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

VIRGIL A.
PIERCE,            §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

WASHINGTON MUTUAL BANK,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


OPINION

            Virgil
A. Pierce sued Washington Mutual Bank (the “Bank”) to remove a cloud on the
title of his current home, claiming that home as his homestead.  The Bank moved for traditional summary
judgment, which was granted.  In one
issue, Pierce argues that a genuine issue of material fact existed in the case
and, therefore, the trial court improperly granted summary judgment.  We reverse and remand for further
proceedings.

 

Background

            On March 8, 2005, Pierce filed a
lawsuit against the Bank to remove a cloud on the title of his current home at
501 East Dallas in Canton, Texas (the “Canton property”).  According to Pierce, the Bank had filed an
abstract of judgment in Van Zandt County, the county in which the Canton
property was situated, creating a constitutionally impermissible cloud on his
title to his homestead.  The Bank filed a
general denial, and later filed a counterclaim seeking foreclosure of its lien
on the Canton property.

            During the course of discovery, the
Bank propounded interrogatories to Pierce. 
Pierce’s answer to Interrogatory No. 5 is as follows:








5.             Identify by address and legal description every
homestead you have had since January 1, 1990, to the present, giving the dates
between which you claimed each such homestead . . . .

 

ANSWER:             02-98 to 03-18-02 – 3914
Mediterranean, Rockwall, TX 75087

03-02 to present – 501E. Dallas, Canton, TX 75103[.]

 

 

            The Bank, upon receiving this
answer, moved for traditional summary judgment on Pierce’s claim and on its
counterclaim.  As summary judgment
evidence, the Bank submitted to the trial court evidence that it had filed its
abstract of judgment in Van Zandt County on October 13, 2000 and Pierce’s
answer to Interrogatory No. 5.  According
to Pierce’s interrogatory answer, he had claimed as his homestead the property
at 3914 Mediterranean in Rockwall, Texas (the “Rockwall property”) on the date
the Bank filed its abstract of judgment. 
The Bank asserted in its motion for summary judgment that Pierce’s
answer to Interrogatory No. 5 proved that the Rockwall property was Pierce’s
homestead and that he had claimed it as such from February 1998 to March
2002.  Therefore, according to the Bank,
this proved that the Canton property was not Pierce’s homestead on the date the
abstract of judgment was filed. 
Consequently, the Bank urged, Pierce was not entitled to the protection
of the Texas homestead laws.

            In his response to the Bank’s motion
for summary judgment, Pierce alleged that a genuine issue of material fact
existed regarding whether the Canton property was his homestead at the time the
abstract of judgment was filed.  Pierce
attached an affidavit in which he swore as follows: 

 

1.             That the real property [referred to as the Canton
property] has been my home since December, 1992.

 

2.             That during any period of time when I did not reside at
the [Canton property], it was temporary in nature, and it was always my
intention to return to my home.

 

3.             That I have never abandoned the [Canton property] as my
home.

 

4.             That I have, at times since purchase, made improvements
to the [Canton property], maintained the property and used the property.

 

                                . . . .

 

7.             That the proceeds from the [Canton property] would be
proceeds from the sale of my homestead.

 

 

According to
Pierce, this affidavit constituted evidence showing that a material fact issue
existed.

            The trial court granted summary
judgment in favor of the Bank on all claims. 
Pierce filed a motion for new trial, which was overruled by operation of
law.  This appeal followed.

 

Summary Judgment Evidence

            In his sole issue, Pierce alleges
that a genuine issue of material fact existed regarding whether the Canton
property was his homestead on October 13, 2000, the date the Bank filed its
abstract of judgment in Van Zandt County. 
Therefore, according to Pierce, the trial court erred by granting
summary judgment. 

Standard
of Review

            For a party to prevail on a
traditional motion for summary judgment, it must conclusively establish the
absence of any genuine issue of material fact and that it is entitled to
judgment as a matter of law. Tex. R.
Civ. P. 166a(c).  In
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true.  See Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). 
Further, every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor.  See id.  Since the burden of proof is on the movant,
and all doubts about the existence of a genuine issue of material fact are
resolved against the movant, we must view the evidence and its reasonable
inferences in the light most favorable to the nonmovant.  See Great Am. Reserve Ins. Co.
v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965).  

            In an appeal of summary judgment,
our review is a limited one.  A movant’s
motion for summary judgment must itself expressly present the grounds upon
which it is made.  McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.1993).  The motion must stand or fall on the grounds
expressly presented therein.  Id.  In determining whether grounds are expressly
presented, reliance may not be placed on briefs or summary judgment evidence.  Id.

            A fact is “material” if it affects
the ultimate outcome of the suit under the governing law. Rayon v. Energy
Specialties, Inc., 121 S.W.3d 7, 11 (Tex. App.–Fort Worth 2002, no
pet.) (citing Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 433
(Tex. App.–Houston [14th Dist.] 1999, no pet.)).  A material fact issue is “genuine” if the
evidence is such that a reasonable jury could find the fact in favor of the
nonmoving party.  Id. at
11-12 (citing Lampasas, 988 S.W.2d at 433). Once the movant has
established a right to summary judgment, the nonmovant has the burden to
respond to the motion for summary judgment and present to the trial court any
issues that would preclude summary judgment. 
See, e.g., City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678-79 (Tex.1979).

Texas
Homestead Law

            Homestead laws are a uniquely
American institution, having their origins in the “great debtor revolution of
the era of ‘Jacksonian Democracy . . . .’”  Estate of Johnson v. Comm’r, 718 F.2d
1303, 1307 (5th Cir. 1983).  These laws
sought to afford protection to the family by protecting the family home from
creditors.  See id.  The broad purpose of these laws was
to protect the family from dependence and pauperism.  Id. 
Further, “[h]omestead laws are not only based upon a tender
regard for the welfare of the citizen, but have for their object the stability
and welfare of the state.”  Andrews
v. Sec. Nat’l Bank of Wichita Falls, 121 Tex. 409, 417, 50 S.W.2d 253,
256 (1932).  

            Texas has a “strong pro-homestead
tradition [that] pre-dates statehood, and the Republic of Texas was determined
to protect homesteads from creditors.”  Norris
v. Thomas, 215 S.W.3d 851, 854 (Tex. 2007).  Under current Texas law, the homestead
interest is a legal interest created by the Texas Constitution that provides
prophylactic protection from all liens not specifically delineated therein.  See Tex.
Const. art. XVI, § 50.  “We
construe homestead laws generously; however, courts cannot unduly stretch the
homestead laws beyond their constitutional and statutory moorings and protect
that which is not a homestead.” 
Norris, 215 S.W.3d at 853 (internal citations omitted).  Whether property is a homestead presents a
fact question.  Brown v. Bank of
Galveston, Nat’l Ass’n, 963 S.W.2d 511, 515 (Tex. 1998).

            Neither the Texas Constitution nor
the Texas Property Code defines “homestead” with specificity.  Norris, 215 S.W.3d at 853.  The constitution restricts the maximum size
of a protected homestead, limiting rural and urban homesteads by acres of land
together with any improvements on the land. Tex.
Const. art. XVI, § 51.  It also
describes a homestead as “a home, or as both 
. . .  [a] home and a place to
exercise a calling or business.”  Id.  The property code similarly describes a
homestead as a home or a home and a business, with certain acreage limitations,
including the “improvements thereon.” Tex.
Prop. Code. Ann. § 41.002 (Vernon 2000).

            The Texas Supreme Court has defined “homestead”
to be “the place of the house,” “the mansion house, with adjoining land.”  Houston & Great N. R.R. Co. v.
Winter, 44 Tex. 597, 610 (1876). 
It has also stated that a homestead interest is available only where the
land is used as a “home.”  Pearson
v. Felps, 53 S.W.2d 495, 496 (Tex. Civ. App.–Dallas 1932, writ ref’d); see
Cullers v. James, 66 Tex. 494, 498, 1 S.W. 314, 315 (1886).  More recently, this court has stated that 

 

[a] homestead is the dwelling house constituting the
family residence, together with the land on which it is situated and the
appurtenances connected therewith. Gann v. Montgomery, 210 S.W.2d
255, 258 (Tex. Civ. App.–Fort Worth 1948, writ ref’d n.r.e.).  The possession and use of real estate by one
who owns it, and who, with his family, resides upon it makes it the homestead
of the family in law and in fact. Garrard v. Henderson, 209
S.W.2d 225, 230 (Tex. Civ. App.–Dallas 1948, no writ) . . . .

 

 

Tolman v.
Overstreet, 590 S.W.2d 635, 637 (Tex. Civ. App.–Tyler 1979, no
writ).  Finally, it has been held that a
homestead may also be established upon unoccupied land if the owner intends to
occupy and use the premises within a reasonable and definite time in the
future, and has made such preparations toward actual occupancy that “are of
such a character and have proceeded to such an extent as to manifest beyond a
doubt the intention to complete the improvements and reside upon the place as a
home.”  Farrington v. First Nat’l
Bank of Bellville, 753 S.W.2d 248, 250 (Tex. App.–Houston [1st Dist.]
1988, writ denied) (quoting Lilly v. Lewis, 249 S.W. 1095, 1096
(Tex. Civ. App.–San Antonio 1923, no writ)). 


            A person is not entitled to two
homesteads at the same time.  Silvers
v. Welch, 127 Tex. 58, 62, 91 S.W.2d 686, 687 (1936); see also Tex. Const. art. XVI, § 50.  When a person establishes a new homestead, he
abandons his old homestead, if any, as a matter of law. See Silvers,
127 Tex. at 62, 91 S.W.2d at 687-88. 
Further, a person may abandon his homestead even without fully
establishing a new one.  Where
abandonment is not based upon a finding that a new homestead has been
established, the issue of abandonment is fact question.  See Kendall Builders, Inc. v. Chesson,
149 S.W.3d 796, 807-08 (Tex. App.–Austin 2004, pet. denied).

            Where a homestead claimant moves
from property that has been previously impressed with homestead character, the
question of whether such property continues as a homestead is dependent
primarily upon the intention of the claimant. 
West v. Austin Nat’l Bank, 427 S.W.2d 906, 911-12 (Tex.
Civ. App.–San Antonio 1968, writ ref’d n.r.e.) (citing McMillan v. Warner,
38 Tex. 410, 411 (1873)).  “One does not
necessarily abandon a homestead merely by changing residence.”  Chesson, 149 S.W.3d at 808
(citing Rancho Oil Co. v. Powell, 142 Tex. 63, [69,] 175 S.W.2d
960, 963 (1943)).  “To be an abandonment
that would subject such property to seizure and sale, there must be a voluntary
leaving or quitting of the residence with a then present intent to occupy it no
more as a home . . . .”  King v.
Harter, 70 Tex. 579, 581, 8 S.W. 308, 309 (1888).  “[O]ur courts have held that ‘it must be
undeniably clear and beyond almost the shadow, at least [of] all reasonable
ground of dispute, that there has been a total abandonment with an intention
not to return and claim the exemption.’”  Burkhardt v. Lieberman, 138 Tex. 409,
416, 159 S.W.2d 847, 852 (1942) (quoting Gouhenant v. Cockrell,
20 Tex. 96, 98 (1857)).

The
Summary Judgment Evidence

            To show that it was entitled to
summary judgment, the Bank had the burden to conclusively establish the absence
of any genuine issue of material fact and that it was entitled to judgment as a
matter of law. See Tex. R. Civ. P. 166a(c).  If its abstract of judgment was filed
during a time in which the Canton property was Pierce’s homestead, the Canton
property was protected from the Bank’s lien. See Tex. Const. art. XVI, § 50. 
Further, the fact that Pierce may have acquired a different homestead
after that date would not affect the Canton property’s protection from the
lien.  See Laster v. First
Huntsville Props. Co., 826 S.W.2d 125, 130 (Tex. 1991) (“A mortgage or
lien that is void because it was illegally levied against homestead property
can never have any effect, even after the property is no longer impressed with
the homestead character.”).  However, if
the Canton property was not Pierce’s homestead on that date, it was not
protected and the Bank’s lien could be foreclosed.  See Inwood N. Homeowners’ Ass’n, Inc. v.
Harris, 736 S.W.2d 632, 635 (Tex. 1987).  Therefore, the question of whether the Canton
property was Pierce’s homestead on the date the abstract of judgment was filed
in Van Zandt County affected the ultimate outcome of this suit under the
governing law and was, thus, “material.” 
See Rayon, 121 S.W.3d at 11.  Because the issue of homestead was both a
fact question and “material,” it was the Bank’s burden to establish that it was
not a “genuine” issue in this suit.  See Tex. R. Civ. P. 166a(c).

            The Bank argues that Pierce’s
affidavit was not sufficient to controvert his interrogatory answer because the
affidavit used the word “home” and not “homestead” in all but one pertinent
sentence.  We disagree.  Pierce’s affidavit contained all of the
elements necessary to establish that the Canton property was his homestead on
the date that the abstract of judgment was filed, thus contradicting any
opposing inferences that could be made from his interrogatory answer. See Pearson,
53 S.W.2d at 496; Tolman, 590 S.W.2d at 637.  Likewise, his affidavit contradicted any
inferences regarding the establishment of the Rockwall property as his new
homestead and the abandonment of the old one at the Canton property.  See Silvers, 127 Tex. at 62, 91
S.W.2d at 687-88; King, 70 Tex. at 581, 8 S.W. at 309.  Therefore, the trial court was presented with
a situation where conflicting inferences could be drawn from Pierce’s
interrogatory answer and his affidavit.[1] 

            The supreme court has addressed a
similar situation in the context of affidavits that conflict with previous
deposition testimony.  In one such case,
the supreme court stated that it is a

 

. . . well-established rule that a deposition does not
have controlling effect over an affidavit in determining whether a motion for
summary judgment should be granted.  Gaines v. Hamman, 163 Tex. 618, [626,]
358 S.W.2d 557, 562 (1962).  Thus, if
conflicting inferences may be drawn from a deposition and from an affidavit
filed by the same party in opposition to a motion for summary judgment, a fact
issue is presented.  Gaines,
[163 Tex. at 626,] 358 S.W.2d at 562. 

 

 

Randall v.
Dallas Power & Light Co., 752 S.W.2d 4, 5 (Tex. 1988).  Similarly, this court has stated that “[f]actual
conflicts existing between the non-movant’s own deposition and affidavit must
be resolved in the non-movant’s favor.”  Hassell
v. Mo. Pac. R.R. Co., 880 S.W.2d 39, 41 n.1 (Tex. App.–Tyler 1994, writ
denied) (citing Randall, 752 S.W.2d at 5).  The logic of these cases is sufficiently
analogous to this case to dictate the same result.  Because conflicting inferences could be drawn
from Pierce’s interrogatory answer and his affidavit, a genuine issue of
material fact existed. See Randall, 752 S.W.2d at 5; Gaines,
163 Tex. at 626, 358 S.W.2d at 562; Hassell, 880 S.W.2d at 41
n.1.  As such, the trial court erred when
it granted summary judgment.  See Great
Am. Reserve Ins. Co., 391 S.W.2d at 47.

            The dissent relies upon the 1936
Texas Commission of Appeals opinion in Silvers v. Welch, 127 Tex.
58, 91 S.W.2d 686,[2] which is distinguishable from the case before
us.  In Silvers, the trial
court conducted a bench trial and made a finding of fact on the abandonment of
homestead issue.  See id.,
127 Tex. at 61-62, 91 S.W.2d at 687.  The
commission correctly stated the law of Texas then and as it remains today: that
abandonment of a homestead is largely a question of intention.  See id., 127 Tex. at 62, 91
S.W.2d at 688.  The mere fact that a
person has acquired and moved onto another piece of property does not conclude
the issue of abandonment.  Id.
 However, the commission ultimately
decided that it was precluded from considering the homestead abandonment
issue.  See id., 127 Tex.
at 61, 91 S.W.2d at 687.  It lamented
that no statement of facts had been brought before it on appeal that would have
shown whether the homestead abandonment issue had been fully developed at
trial.  See id., 127 Tex.
at 63, 91 S.W.2d at 688.  Thus, it was
bound by the trial court’s finding of fact.

            Homestead protection is a treasured
liberty in Texas, which has been encrusted in its constitution since 1839.  See Henry B. Gonzales, The Texas
Homestead: The Last Bulwark of Liberty, 26 St. Mary’s L.J. 339, 341 (1995).  Courts are most comfortable when the issue of
homestead abandonment has been fully developed before a finder of fact.  See Silvers, 127 Tex. at 62-63,
91 S.W.2d at 688.  The constitutional
considerations courts must make for the protection of Texas homesteads along
with the presumptions we must apply in favor of the summary judgment nonmovant
leave us no choice but to return the homestead abandonment issue to the trial
court.

Sham
Affidavits

            The Bank also argues that Pierce’s
affidavit was a “sham affidavit,” and, thus, could be properly disregarded by
the trial court when making its ruling. 
Under the sham affidavit rule applied by some of our sister courts, a
party cannot file an affidavit to contradict his own deposition testimony,
without any explanation for the change in the testimony, for the purpose of
creating a fact issue to avoid summary judgment.[3]  See, e.g., Farroux v.
Denny’s Rests., Inc., 962 S.W.2d 108, 111 (Tex. App.–Houston [1st
Dist.] 1997, no pet.).  However, we
conclude that any inconsistency or conflict between a party’s interrogatory
answers and affidavit is not a reason to exclude that affidavit evidence in a
summary judgment proceeding.  See Davis
v. City of Grapevine, 188 S.W.3d 748, 756 (Tex. App.–Fort Worth 2006,
pet. denied); Thompson v. City of Corsicana Hous. Auth., 57
S.W.3d 547, 556-58 (Tex. App.–Waco 2001, no pet.).  Rather, these inconsistencies and conflicts
create a fact issue that should be resolved by a jury.  See Randall, 752 S.W.2d at 5; Gaines,
163 Tex. at 626, 358 S.W.2d at 562; Hassell, 880 S.W.2d at 41
n.1.  It is not the role of the trial
court, at summary judgment, to evaluate the credibility of affiants or the
weight of the showings.  Great Am.
Reserve Ins. Co., 391 S.W.2d at 47. 
Therefore, the trial court had no authority to disregard Pierce’s
affidavit. See Davis, 188 S.W.3d at 756; Thompson,
57 S.W.3d at 556-58.

            We sustain Pierce’s sole issue.

 

Disposition

            We reverse the trial
court’s order granting summary judgment and remand for further
proceedings.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion delivered May 23, 2007.

Panel
consisted of Worthen, C.J. and Griffith, J.

Hoyle,
J., dissenting.

 

 

 

            I
respectfully dissent.  Because Pierce’s
affidavit did not conflict with his interrogatory answers regarding the
Rockwall property being his homestead for a time period including
October 13, 2000, the trial court correctly determined that no genuine
issue of material fact existed in the case. 
Therefore, the trial court properly granted summary judgment, and that
judgment should be affirmed.

 

            The
Bank filed its abstract of judgment in Van Zandt County on October 13,
2000.  Pierce claims that the judgment
cannot attach to his Canton property solely because the Canton property is
protected by Texas homestead laws.  If
the Canton property was not Pierce’s homestead on October 13, 2000, the bank’s
lien can be foreclosed because the property cannot then be protected by Texas
homestead laws.  See Inwood N.
Homeowners’ Ass’n, Inc. v. Harris, 736 S.W.2d 632, 635 (Tex. 1987) (“[W]hen
the property has not become a homestead at the execution of the mortgage, deed
of trust or other lien, the homestead protections have no application even if the
property later becomes a homestead.”). 
Thus, the potential material fact issue in this case is whether the
Canton property could have been Pierce’s homestead on October 13, 2000.

 

            “We
construe homestead laws generously; however, courts cannot unduly stretch the
homestead laws beyond their constitutional and statutory moorings and protect
that which is not a homestead.”  Norris
v. Thomas, 215 S.W.3d 851, 853 (Tex. 2007).  A party cannot have two homesteads at the
same time.  Silvers v. Welch,
127 Tex. 58, 62, 91 S.W.2d 686, 687 (1936). 
A homestead can be abandoned.  Id.  If abandonment is not based upon a finding
that a new homestead has been established, abandonment can be a fact
question.  See Kendall Builders,
Inc. v. Chesson, 149 S.W.3d 796, 807-08 (Tex. App.–Austin 2004, pet.
denied).  But when a person establishes a
new homestead, he abandons his old homestead as a matter of law.  See Silvers, 127 Tex. at 62, 91
S.W.2d at 687-88.  Therefore, even if the
Canton property was Pierce’s homestead at some point before October 13, 2000,
the Bank still could show there was no fact issue about whether the Canton
property was Pierce’s homestead on October 13, 2000 by (1) proving abandonment
as a matter of law through the various factors demonstrating intent to abandon
or (2) proving abandonment because a new homestead was established.  See id.

 

            Here,
the summary judgment evidence clearly proves Pierce had established a new
homestead.  In two separate interrogatory
answers, Pierce identified his homestead as being the Rockwall property from
February 1998 to March 2002.  The
majority addresses his admission of the Rockwall property as his homestead in
answer to Interrogatory No. 5.  In answer
to Interrogatory No. 14, Pierce confirmed that fact:

 

14.          Have you ever resided in Rockwall County, Texas?  If so, at what address did you reside and
during what period of time[?] Have you ever owned real property in Rockwall
County, Texas?  If so, identify that
property and the dates between which you owned that property.  Did you ever declare your residence in
Rockwall County to be your homestead?  If
so, when did you do that and when did that declaration of homestead cease? . .
. 

 

ANSWER:             Yes.  3914 Mediterranean, Rockwall, TX 75087 –
homestead 02-98 to 03-18-02.

 

Pierce further answered that the
Canton property was his homestead from March 2002 to the present.  In his brief to this court, Pierce explained
his interrogatory answers: “As to each of the properties, Mr. Pierce stated the
dates each was officially designated by record as a “homestead,” rather than
the dates that the properties qualified as his homesteads.”  These sworn statements have not been
controverted.[4]

                                                                        

            Instead,
when confronted with the Bank’s motion for summary judgment, Pierce stated that
he believed he could have two homestead properties at the same time.[5]  As evidence that the Canton property also was
his homestead, he presented the court with an affidavit regarding his intended
use of the Canton property, but he never specifically stated that the Canton
property was his homestead on October 13, 2000. 
Further, that affidavit was silent as to whether the Rockwall property
was his homestead on October 13, 2000. 
Obviously, he was wrong in his belief that the Rockwall property and the
Canton property could be his homestead at the same time.  Once he swore that his homestead had been the
Rockwall property on October 13, 2000, the factors listed in his affidavit
regarding intent as to the Canton property became immaterial.  Once a new homestead is established,
abandonment occurs as a matter of law. See Silvers, 127 Tex. at
62, 91 S.W.2d at 687-88.  Thus, those
factors listed in Pierce’s affidavit can all be taken as true but they cannot
make the Canton property an additional homestead.  To bring the homestead nature of the Canton
property into genuine issue, Pierce needed to swear that the Rockwall property
was not his homestead on October 13, 2000. 
This he did not do.

 

            In
summary, the evidence shows that on the relevant date, Pierce’s homestead was
the Rockwall property.  That evidence was
not controverted.  As such, the Bank
demonstrated that no genuine issue of material fact existed, and the trial
court properly granted summary judgment. 
The trial court’s judgment should be affirmed.[6]

 

 

 

 

 

 

 

                                                                                                                                    

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] We do not address the issue of whether the Bank brought forth
sufficient summary judgment evidence to shift the burden to Pierce to present
evidence in response.





[2] This opinion has been adopted by the Texas Supreme Court.





[3] While the limits of this rule have not been defined by Texas courts,
the United States Ninth Circuit appears to have extended its version of the
rule by stating that the rule could apply to situations where a conflict exists
between an affidavit submitted during summary judgment and a previous
interrogatory answer.  School Dist.
No. 1J, Multnomah Cty. v. Acands, Inc., 5 F.3d 1255, 1264 (9th Cir.
1994).





[4] Even in oral argument before this court, Pierce claimed that there was
no conflict between his interrogatory answers and his affidavit.





[5] In Pierce’s response to the Bank’s motion for summary judgment, he
states that “Plaintiff Pierce treated and intended for both properties to be
his homestead property.” 





[6] The majority also discusses the applicability of the “sham affidavit
doctrine.”  Because the affidavit and
interrogatory do not conflict as to whether the Rockwall property was Pierce’s
homestead on October 13, 2000, I do not reach the applicability of the doctrine
to this case.