**Tommy HASSELL, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY d/b/a Union Pacific Railroad Company, et al., Appellees.**

No. 12–92–00142–CV.

Court of Appeals of Texas,
Tyler.

Feb. 17, 1994.

Rehearing Denied July 20, 1994.

40

Richard A. Sheehy, Lauren Beck, Kent Sullivan, Houston, J. Karl Viehman, Dallas, Claude R. Treece, Houston, for appellees.

RAMEY, Chief Justice.

This is an appeal from a summary judgment rendered against Appellant Tommy Hassell ("Hassell"). Hassell, a railway worker, brought suit against his employer, Missouri Pacific Railroad Company ("MOPAC") and two manufacturers of railway equipment, General Motors Corporation ("GM") and General Electric Corporation ("GE"), alleging damage to his hearing. Summary judgment was granted for all defendants on the ground that they were time-barred under the statute of limitations. We will affirm the summary judgment with respect to GE and GM, and reverse the summary judgment as to MOPAC.

## The Facts [1]

Hassell began working for MOPAC in 1966, and, as early as 1971, was aware that he had some degree of hearing impairment. MOPAC began supplying its employees with hearing protection in the mid–1980's, and in late 1987, Hassell's hearing was evaluated in connection with a company-sponsored Hearing Conservation Program.[2] The results of that test were summarized in a letter to Hassell dated March 30, 1988, informing him that "[i]n some situations you may have difficulty hearing or understanding loud conversation." Though not purporting to give details or identify the origin of Hassell's condition, this letter unambiguously notified Hassell of a medically quantifiable hearing condition, diagnosed as part of a program provided by his employer as a result of the acknowledged danger to hearing presented by MOPAC's work environment. The letter provided Hassell with an "800 number" by which he could discuss the details of his test

J.W. Robinson, Humble, Terrence Gaiser, Houston, for appellant.

---

**1.** The facts considered in reviewing a grant of summary judgment consist of all uncontroverted facts and, where the facts are disputed, only those facts favoring the non-movant's position. *Highlands Ins. Co. v. Currey,* 773 S.W.2d 750, 752 (Tex.App.—Houston [14th Dist.] 1989, writ denied). *Factual conflicts existing between the non-movant's own deposition and affidavit must be resolved in the non-movant's favor. Randall*

*v. Dallas Power & Light Co.,* 752 S.W.2d 4, 5 (Tex.1988).

**2.** It appears from Hassell's affidavit that his hearing may have been tested twice, and that he never received any evaluation from the first examination.

with a trained audiologist, with the possibility of further reference to a hearing specialist.

On August 29, 1989, Hassell submitted a form to MOPAC entitled "Occupational Illness Report–Hearing Loss", reporting, for the first time, a hearing problem to his employer. He described his condition as follows:

> When Claimant is speaking to a person, one on one, he has no problem. If he is talking to a person where there are more than one person talking at the same time, he can't hear as well as he once did. Sometimes he has ringing and roaring in his ears.

As a result of this claim, Hassell was referred to Dr. David Twomey, who examined his hearing on December 20, 1989. According to Hassell's affidavit,

> At this time [December 20, 1989] the results of the tests were explained to me; and, I knew for the first time that I had a significant hearing loss, and that it was caused by my employment with the Defendant railway company [MOPAC], and by being exposed to loud noises, air horns, etc. [manufactured by GM and GM]. Having no medical training or experience, I did not know of the extent of my hearing loss or the possible cause of the said hearing loss until this was explained to me by Dr. Twomey.

Hassell filed this action on March 25, 1991, just under three years after receipt of the letter containing the results of the company's Hearing Conservation Program. He pleaded a cause of action against MOPAC under the FEDERAL EMPLOYER'S LIABILITY ACT, 45 U.S.C. § 51 *et seq.* ("FELA"). As to GE and GM, he alleged that they manufactured "unsafe" railway equipment which caused his hearing loss.

All defendants, after taking Hassell's deposition, filed motions for summary judgment, asserting that Hassell knew, or should have known, of his alleged injury for a period of time longer than the applicable limitation periods. Hassell responded, as noted above, that the first time that he knew, or should have known, that he had significant hearing loss caused by his employment was on December 20, 1989. Hassell here challenges the summary judgment entered by the trial court, bringing six points of error, all of which allege, in one fashion or another, that there remain for trial genuine issues of material fact which preclude the entry of summary judgment. Because the claims against MOPAC and the claims against the manufacturing defendants rest on dissimilar substantive grounds, we will consider them separately.

### *The Manufacturing Defendants*

■ Hassell's Amended Petition alleges that GE and GM manufactured "unsafe products" that injured him, claims sounding in either negligence or strict products liability. Texas law provides that such claims must be brought within two years after such cause of action accrues, TEX.CIV.PRAC. & REM.CODE ANN., § 16.003(a), or, if the claimant had no knowledge of his injury at the time of its accrual, within two years of his discovery of the injury. *Seibert v. General Motors Corp.,* 853 S.W.2d 773, 776 (Tex.App.—Houston [14th Dist.] 1993, no writ).

■ In reviewing an entry of summary judgment of this type,

> the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and he is entitled to judgment as a matter of law. The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. A defendant seeking a summary judgment on the basis of limitations must prove when the cause of action accrued, and if applicable, he must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of his injury.

*Cooke v. Maxam Tool and Supply, Inc.,* 854 S.W.2d 136, 139 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (citations omitted).

■ As summarized above, Hassell absolutely denies any knowledge of any significant hearing loss prior to his consultation with Dr. Twomey, and such denial, for summary judgment purposes, precludes our con-

sideration of conflicting evidence to the contrary. But whatever the state of Hassell's actual knowledge, the discovery rule provides that the statute of limitations will begin to run, not simply from the time that the plaintiff actually discovers the injury, but at an earlier time if it can be established that he should have discovered his injury at such time. The question of whether one has exercised reasonable diligence to discover an injury is a question of fact, unless the evidence is such that reasonable minds may not differ as to its effect. *Enterprise–Laredo Associates v. Hachar's, Inc.*, 839 S.W.2d 822, 838 (Tex.App.—San Antonio 1992), *writ den'd with per curiam opinion*, 843 S.W.2d 476 (Tex.1992).

■ The facts presented here decisively establish that Hassell was on notice of and should have known of an injury stemming from his employment once he received the letter dated March 30, 1988. Such letter constituted written notice by his employer of a medically quantifiable hearing deficiency identified in a company-sponsored program as a specific result of an acknowledged risk to hearing presented by this work environment. Even if, as Hassell asserts, he remained in the dark about the extent of his hearing impairment and its cause, the March 30 letter certainly put him explicitly on notice of an injury. Since the summary judgment evidence established as a matter of law that Hassell was aware of his injury more than two years before the filing of this action, his claim is therefore barred by the statute of limitations. We therefore overrule Hassell's first, second, third, and fourth points of error with respect to these defendants.

■ Hassell's fifth point of error contends that "there existed a genuine issue of material fact as to whether the Appellees *fraudulently concealed* evidence of the hearing loss of Appellant and are therefore estopped from asserting the Statute of Limitations." (emphasis added). The only summary judgment evidence offered pertinent to this contention was the one bare sentence in Hassell's affidavit that GE and GM,

had test results in their possession that showed that employment such as mine could cause severe hearing loss and fraudulently concealed this information from me and other employees in like working situations; and conspired with the Defendant railroad company to keep the results of all these tests and information from me.

■ Fraudulent concealment is an affirmative defense to the manufacturers' motions for summary judgment predicated on the limitations' time-bar. The burden of proving the elements of fraudulent concealment is imposed upon the nonmovant. *Seibert*, 853 S.W.2d at 777. The first element that Hassell must prove is that GE and GM had a duty to make the disclosure to him. *Ibid* at 778. Hassell's summary judgment evidence fails to demonstrate the existence of the requisite fiduciary or confidential relationship between Hassell and the manufacturers. Second, Hassell was required to prove that GE and GM had actual knowledge that a wrong occurred and that there was a fixed purpose to conceal the wrong. *Ibid.* Hassell's proof fails in this respect as well. The fifth point is overruled.[3]

■ Hassell, in his sixth point of error, argues that if his cause of action against the manufacturers accrued more than two years prior to the filing of his action, he may still recover his damages for the *aggravation of his hearing condition* attributable to exposure to the products at issue within the two-year limitation period. In support of that contention he cites one case: *Billman v. Missouri Pacific R. Co.*, 825 S.W.2d 525 (Tex.App.—Fort Worth 1992, writ denied).

The *Billman* case, however, recognized that the plaintiff was required to plead and prove that the manufacturers had caused an *additional* injury to his hearing within the two-year period preceding the filing of the suit. The record discloses no pleading or summary judgment evidence alluding to any additional injury to his hearing. In fact, Hassell testified that the noise on his job was "[p]robably the same" in describing the na-

---

3. We also note that summary judgment affidavits will be disregarded on appeal if they fail to show how the affiant learned the facts set out in the

affidavit. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex.1988).

ture of the noise or its loudness from the commencement of his employment in 1966 to the date he gave his deposition in this suit. The evidence was conclusive that there was no new tort committed within the limitations period. *Ibid* at 529; *Crisman v. Odeco, Inc.,* 932 F.2d 413, 417 (5th Cir.1991). Hassell's sixth point of error as to the manufacturers is overruled.

All of Hassell's points of error with respect to Appellees GM and GE are therefore overruled.

### The Railway Employer Defendant

■ As noted above, Hassell's claim against MOPAC rests on federal, rather than state law. Though procedural matters in FELA cases filed in state court are generally governed by state rather than federal procedural law, *Mitchell v. Missouri–Kansas–Texas Railroad Co.,* 786 S.W.2d 659, 661 (Tex. 1990),. compliance with the three year statute of limitations in 45 U.S.C. § 56 is a substantive condition precedent to recovery under the FELA. *Emmons v. Southern Pacific Transp. Co.,* 701 F.2d 1112, 1117–18 (5th Cir.1983). The burden to allege and prove that the action was brought within the three year limitations period is upon the plaintiff in an FELA case. *Billman v. Missouri Pacific R. Co.,* 825 S.W.2d 525, 527 (Tex.App.—Fort Worth 1992, writ denied).

■ In *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), the United States Supreme Court recognized that the "discovery rule" was appropriate to toll the statute of limitations in actions brought pursuant to the FELA. More specifically, "the statute of limitations begins to run when the employee becomes aware not only of his disease but also of its cause." *Albert v. Maine Cent. R. Co.,* 905 F.2d 541, 544 (1st Cir.1990) *and cases cited therein.*

■ MOPAC has asserted that the grant of summary judgment is supported by *Billman v. Missouri Pacific R. Co.,* 825 S.W.2d 525 (Tex.App.—Fort Worth 1992, writ denied). There, a claim for hearing loss under the FELA was held barred by limitations because the summary judgment evidence established that the claimant "knew he has

suffered a job-related hearing loss more than three years before suing...." *Ibid.* at 528. But, in a footnote, the court observed that

> [h]ad Billman, in his deposition or affidavit denied rather than admitted that he associated his hearing loss with the loud noises at work, his testimony would be evidence raising a fact issue that precluded summary judgment.

*Ibid.* at 528, fn. 3. Hassell, in his affidavit, swore that he did not know the cause of his hearing loss until after the commencement of the limitations period. The facts of this case, then, fall squarely within this proviso to the *Billman* holding.

MOPAC's initiation of a hearing protection program in the mid 1980's, and its supplying of hearing protection to employees, was notice that its work environment presented a threat to hearing. But it does not establish as a matter of law that Hassell knew or should have known, that such environment, at that time, was a cause of any injury to him. As stated above the undisputed evidence establishes as a matter of law that Hassell was aware of the injury stemming from his employment at the time that he received the letter of March 30, 1988. This however is within the three year statute of limitation applicable to the MOPAC claim. Though the question is close, we hold that MOPAC has not established as a matter of law that Hassell on March 25, 1988, knew or should have known, that his employment had caused an injury to his hearing. There remains a fact issue whether Hassell, who undisputedly knew for many years that he had some degree of hearing impairment, can be said as a matter of law to have known, or to have been on notice, that the impairment he was experiencing was an *injury* reasonably attributable to his employment.

■ Furthermore, the question of what one "should have known" is one of fact, and a summary judgment is not a "trial by deposition or affidavit, or to be resolved by weighing the relative strength of the conflicting facts and inferences." *Garcia v. John Hancock Variable Life Ins.,* 859 S.W.2d 427, 435 (Tex.App.—San Antonio 1993, no writ). Under the summary judgment record we cannot hold as a matter of law that Hassell's difficul-

ties with hearing necessarily charged him with notice of an injury caused by his employment sufficient to intitate the running of limitations. We therefore sustain Hassell's first point of error, asserting the existence of a contested fact issue on the accrual of his cause of action, with respect to MOPAC.

The summary judgment entered in favor of GE and GM is affirmed. The summary judgment entered in favor of MOPAC is reversed, and the cause remanded for further proceedings in accordance with this opinion.