COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

OSCAR SMITH JOHNSON and
VICKI             )

JOHNSON BROWN,                                          )            
No.  08-02-00236-CV

                                                                              )

Appellants,                         )                 Appeal from the

                                                                              )

v.                                                                           )             
County Court at Law

                                                                              )

SPINDLETOP EXPLORATION
COMPANY,    )          of Midland County,
Texas

INC.,                                                                     )

                                                                              )                
(TC# CC-09754)

Appellee.                           )

 

 

MEMORANDUM   OPINION

 

Appellants Oscar
Smith Johnson and Vicki Johnson Brown appeal from an order granting summary
judgment in favor of Appellee Spindletop Exploration Company, Inc. (ASpindletop@).  On appeal, Appellants raise one issue:  whether the trial court erred in granting
Spindletop=s motion
for summary judgment on limitations grounds. 
We reverse the trial court=s
judgment and remand this cause to the trial court for further proceedings.








Spindletop has
been in the business of acquiring oil and gas minerals, royalties, and
overriding royalty interests since 1982. 
In 1988, Spindletop sent postcards to royalty owners residing in
Freestone County Texas, including one to Mr. Johnson, expressing its interest
in purchasing the royalty owner=s
respective royalty and mineral interests. 
Mr. Johnson responded by sending Spindletop a letter dated March 15,
1988, in which he requested for Spindletop to make him an offer.  He included copies of his 1987 tax forms,
specifically a 1099 Form, indicating the amount of royalty he was receiving
from EP Operating Company.  On April 5,
1988, Spindletop responded by letter with a formal offer to Mr. Johnson=s letter.

The offer letter,
written by Mr. Joseph V. Hughes, President of Spindletop, included a bank draft
for the full purchase price of $5,650, which was to cover the properties on a
list provided by Mr. Johnson.  Mr.
Hughes, testified in his deposition that the $5,650 price did not take into
account any non-producing minerals owned by Mr. Johnson.  In addition, from the 1099 Form which Johnson
provided, Spindletop was not made aware of any non-producing minerals; it was
also not made aware if Mr. Johnson owned any non-producing minerals at the time
it submitted a formal offer to Mr. Johnson. 
It was not until after the transaction was closed that Spindletop
engaged in the necessary steps to discover the legal description of the
property and rights owned by Mr. Johnson. 


The bank draft,
enclosed in the offer letter, was made payable to Mr. Johnson and contained the
following language: AThis
draft is drawn to pay for Oil and Gas letter agreement of April 5, 1988 and
covering all mineral, royalty & overriding royalty interests owned by the
above payee.@  Mr. Johnson negotiated the draft, but claims
not to have seen or read the above quoted language.    

In a letter dated
April 25, 1988, Mr. Johnson received duplicate copies of the Mineral and
Royalty Transfer and Assignment of Overriding Royalty (AAssignment@), which he signed and returned to
Spindletop. No copy was provided for Mr. Johnson=s
own records.  Spindletop then recorded
the Assignment in Freestone County on May 12, 1988.  

The Assignment,
stated in pertinent part: 








THAT, OSCAR SMITH JOHNSON . . .
(hereinafter called AAssignor@), for and in consideration of Ten
Dollars . . . and other good and valuable consideration, does by these presents
. . . ASSIGN, and CONVEY unto SPINDLETOP . . . (hereinafter called AAssignee@)
all of Assignor=s right,
title and interest in and to the mineral interests, royalty interests and/or
overriding royalty interests in, under and on the land described on Exhibit A
attached hereto and made a part hereof.

 

Attached to the Assignment was a
document titled  Exhibit A which stated
the following:

All of the oil, gas and mineral
interests, royalty interests, and/or overriding royalty interests owned by
OSCAR SMITH JOHNSON, . . . covering land located in the County of Freestone,
State of Texas, including, but not limited to the following described land:

 

1.         All interest in that 692.73 acres, more
or less, known as the Teague Gas Unit 3, and located in the W.A. Elliott Survey
Abstract 2.

 

2.         All interest in that 664.67 acres, more
or less, known as the Moody No. 1 Gas Unit, and located in the N. Peck Survey
Abstract 820 and the B.W. Brewer Survey Abstract 92, recorded in Volume 617,
Page 839 of the Freestone County records.

 

Mr. Johnson claims
that the recorded Exhibit A, which conveyed all of his property interest found
in Freestone County to Spindletop, was not attached to the Assignment at the
time he signed the agreement.  In his
deposition, Mr. Hughes stated that he did not remember whether Exhibit A was
attached to the assignment prepared for Mr. Johnson.

In 1998, Mr.
Johnson learned that Anadarko Petroleum Corporation (AAnadarko@) had recently started drilling oil and
gas wells on his property, known as High Unit. 
He inquired as to why he was not receiving royalty payments and was
notified by Anadarko that he did not own any interest in the minerals.  Shortly after, Mr. Johnson hired an attorney
who submitted a letter dated August 18, 1998, requesting that Spindletop change
the Assignment.  On February 1, 1999, Mr.
Johnson hired another attorney who sent Spindletop a letter requesting
corrections be made to the Assignment.








In response to Mr.
Johnson=s
attorney=s
letters, Spindletop filed a declaratory judgment on February 23, 1999,
contending Athat the
Assignment speaks for itself, that it conveys the interest therein described
and that any attempt by [Mr. Johnson] to reform or change any aspect of the
Assignment has been long since barred by the Four Year Statute of Limitations, ' 16.051, Tex.Civ.Prac.&Rem.Code.@

On April 9, 1999,
Mr. Johnson filed an original answer denying all the allegations contained in
Spindletop=s
original petition.  On April 19, 1999,
Mr. Johnson filed his first amended original answer which contained a general
denial and a motion to change venue.

On August 6, 1999,
Spindletop filed its first motion for summary judgment based on the statute of
limitations.  Spindletop submitted as
summary judgment evidence an affidavit of Joseph V. Hughes, Jr., a copy of the
bank draft, and a copy of the Assignment including AExhibit
A.@

A second amended
original answer was filed by Mr. Johnson, in which he stated that the dispute
centered on the tortious conduct of Spindletop in procuring the conveyance
instrument.  This answer included fraud,
fraud in inducement, and misrepresentation as affirmative defenses.  Mr. Johnson asserted that he had Anegotiated an oral agreement to
transfer interest in certain mineral estates.@  Spindletop then drafted an instrument that
conveyed Anot only
the subject mineral estate interest, as had been negotiated by the parties, but
all of [Mr. Johnson=s]
mineral estate in the county.@  In addition, Mr. Johnson claimed that
Spindletop engaged in a pattern or practice of defrauding interest owners by
attaching to the conveyance an exhibit covering far greater mineral interests
than was negotiated.  Mr. Johnson pled
the discovery rule and stated that the cause of action accrued in 1998, when he
became aware of Spindletop=s
tortious conduct.








On September 9,
1999, Mr. Johnson filed a response to Spindletop=s
motion for summary judgment.  Once again,
Mr. Johnson asserted that the dispute between the parties did not concern the
terms of the agreement, but rather whether or not the instrument was procured
by fraudulent means.  As summary judgment
evidence, Mr. Johnson=s
affidavit was included, in which he expressly denied that he ever consented to
the attachment of form of the exhibit to the Assignment and that it directly
violated the express terms of their oral agreement.  He also stated that he did not discover the
exhibit containing the catch-all language until 1998.

On October 26,
1999, the trial court granted the summary judgment motion stating that Mr.
Johnson was barred by limitations from rescinding, reforming, contesting, or
any other way challenging the validity of the Assignment.  Mr. Johnson appealed the trial court=s summary judgment to this Court.  Johnson v. Spindletop Exploration Co.,
Inc., No. 08-99-00454-CV, 2000WL 1557283 (Tex.App.--El Paso Oct. 19, 2000,
no pet.)(unpublished)(ASpindletop
I@). 
In that appeal, this Court reversed and remanded finding that Spindletop
failed to carry its burden of conclusively establishing that the statute of
limitations barred Mr. Johnson=s
cause of action.  Id. at 3

On January 22,
2002, Mr. Johnson filed a third amended original answer and a first amended
counterclaim, in which he alleged fraud, fraud in inducement, fraudulent
concealment, mistake, tortious interference, breach of contract, fraud in real
estate, and sought a declaratory judgment, reformation and/or rescission, and damages.








Ms. Vicki Johnson
Brown, Mr. Johnson=s
daughter, filed a petition in intervention on January 23, 2002, stating that
Mr. Johnson had conveyed to her certain mineral interests located in Freestone
County to which Spindletop is claiming ownership.  Ms. Brown adopted all factual allegations and
claims for relief found in Mr. Johnson=s
third amended original answer.

On March 1, 2002,
Spindletop filed a second summary judgment motion claiming that Mr. Johnson=s and Ms. Brown=s
(AAppellants@)
claims are barred by the statute of limitations.  As in its prior motion, Spindletop submitted
Mr. Hughes=
affidavit, and attached a copy of the Assignment and Exhibit A as summary
judgment evidence.  Spindletop also
submitted as additional evidence Mr. Johnson=s
deposition taken January 18, 2002, and Mr. Hughes=
deposition taken January 18, 2002.  The
difference between the first and second summary judgment motions was Spindletop=s assertion that as of 1989, Mr.
Johnson stopped receiving ad valorem tax notices and royalty payments for five
producing properties he claims not to have intended to convey to
Spindletop.  Spindletop contended that
Mr. Johnson therefore was put on notice, and, in the exercise of reasonable
diligence, should have inquired as to why he was not being taxed, or receiving
royalty payments on the properties he claimed to own.  By doing so, Mr. Johnson would have
discovered that the Assignment conveyed all his property found in Freestone
County to Spindletop.

The trial court
granted Spindletop=s motion
for summary judgment on May 7, 2002.  The
trial court held that there was no genuine issue of fact that Appellants,
through reasonable diligence, should have discovered the catch-all language in
the Assignment by the end of 1988 or 1989, and that therefore, Appellants= claims are barred by the statute of
limitations.  Appellants now bring this
appeal.








On appeal,
Appellants contend that the trial court erred in granting summary judgment
because Spindletop failed to meet its burden of conclusively proving when the
cause of action accrued, and to negate the discovery rule.  Appellants assert that Spindletop did not
prove as a matter of law that there is no genuine issue of material fact as to
when he discovered, or in the exercise of due diligence should have discovered
the nature of his injury.  Furthermore,
Appellants argue that the evidence showed that there was a question of fact.

STANDARD
OF REVIEW

The standard of
reviewing a summary judgment under Tex.R.Civ.P.
166a(c) is whether the successful movant at the trial level carried its burden
of showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); Booker v. Real Homes, Inc., 103 S.W.3d 487, 491 (Tex.App.--San
Antonio 2003, pet. denied).  In reviewing
the evidence, we take as true all evidence favorable to the nonmovant, and we
make all reasonable inferences and resolve any doubts, in the nonmovant=s favor.  KPMG, 988 S.W.2d at 748; Nixon v.
Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 549 (Tex. 1985); Duran v.
Furr=s
Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ
denied).  For a plaintiff to be entitled
to summary judgment when the defendant has asserted a counterclaim, the
plaintiff must prove, as a matter of law, each element of its cause of action
and disprove at least one element of each of the defendant=s counterclaims.  Schafer v. Federal Servs. Corp., 875
S.W.2d 455, 456 (Tex.App.--Houston [1st Dist.] 1994, no writ.).








A defendant moving
for summary judgment on the affirmative defense of limitations has the burden
to conclusively establish that defense.  KPMG,
988 S.W.2d at 748; Walton v. Phillips Petroleum Co., 65 S.W.3d 262, 271
(Tex.App.--El Paso 2001, pet. denied). 
The defendant must (1) conclusively prove when the cause of action
accrued, and (2) negate the discovery rule, if it applies and has been pled or
otherwise raised.  KPMG, 988
S.W.2d at 748; Walton, 65 S.W.3d at 271. 
In order to negate the discovery rule, the defendant must prove as a
matter of law that there is no genuine issue of material fact about when the
plaintiff discovered, or in the exercise of reasonable diligence should have
discovered the nature of his injury.  KPMG,
988 S.W.2d at 748.

Spindletop argues
that Appellants= cause of
action must have accrued at least by May 12, 1988, when Exhibit A containing
the geographic grant was attached to the Assignment and recorded in Freestone
County.  The legal injury was sustained
by Appellants in 1989, when Mr. Johnson stopped receiving royalty payments
on five producing properties he claims he did not intend to convey to
Spindletop.  While Appellants do not
dispute that the legal injury accrued when the Assignment containing the catch-all
language was recorded, Appellants do contend that the transfer of all the
property owned by Mr. Johnson in Freestone County to Spindletop was done so by
a fraudulent conveyance.  As we
understand the dispute at hand, Appellants allege the harm was the fraudulent
transfer of all the property owned by Mr. Johnson in Freestone County, not
merely the non-payment of royalties for certain producing properties.  Spindletop=s
summary judgment evidence fails to address the alleged engagement in fraud.

The statute of
limitations on a cause of action based upon fraud does not begin to run until
the fraud is discovered, or until the plaintiff acquires such knowledge as
would lead to its discovery if reasonable diligence were exercised.  Lightfoot v. Weissgarber, 763 S.W.2d
624, 626 (Tex.App.--San Antonio 1989, writ denied).  The statute of limitations for causes of
action based upon fraud is governed by the discovery rule.  Id. at 626.

Previously, in
Spindletop I, we reversed the trial court order granting Spindletop=s first summary judgment motion and
stated the following:








[I]t was Spindletop=s burden to show that the discovery
rule did not apply here.  Spindletop=s summary judgment evidence does not
make such a showing.  To do so,
Spindletop would need to show that attaching >Exhibit
A= to the assignment and filing both of
record did not result in an inherently undiscoverable injury.

 

Johnson, 2000 WL 1557283 at
3.

An injury is
inherently undiscoverable if a party using due diligence would not ordinarily
learn of the negligent act or omission.  Houston
Endowment Inc. v. Atlantic Richfield Co., 972 S.W.2d 156, 159
(Tex.App.--Houston [14th Dist.] 1998, no pet.).

Spindletop argues
that the evidence shows that in 1989, Mr. Johnson was aware that he was no
longer receiving royalty payments and ad valorem tax notices on the five
producing properties he claims not to have intended to convey to Spindletop,
negates the discovery rule.  Spindletop
asserts that if Mr. Johnson had exercised reasonable diligence at that time he
ceased receiving oil and gas royalty payments and ad valorem tax notices on
five producing properties he claims he did not intend to convey to Spindletop,
the nature of Appellants injury would have been discovered in 1989.








In reviewing the
evidence, we find the issue of whether Appellants discovered or in the exercise
of due diligence should have discovered the catch-all language in the
Assignment conveying all of Mr. Johnson=s
property rights and interests to be a question of fact.  The question of whether one has exercised
reasonable diligence to discover an injury is a question of fact, unless the
evidence is such that reasonable minds may not differ as to its effect.  Hassell v. Missouri Pacific Railroad Co.,
880 S.W.2d 39, 43 (Tex.App.--Tyler 1994, writ denied.); see also Vance v.
Bell, 797 S.W.2d 403, 405 (Tex.App.--Austin 1990, no writ), citing Ruebeck
v. Hunt,142 Tex. 167, 176 S.W.2d 738 (1944)(Awhether
one has exercised due diligence in discovering fraud is ordinarily a fact
question.@); Childs
v. Haussecker, 974 S.W.2d 31, 44 (Tex. 1998) (Commencement of the
limitations period may be determined as a matter of law if reasonable minds
could not differ about the conclusion to be drawn from the facts in the
record.  Inquiries involving the
discovery rule usually entail questions for the trier of facts.).

The evidence does
show that Mr. Johnson stopped receiving royalty payments and tax notices for
five of his producing properties, and he testified in his deposition that he
could have inquired as to why he was not receiving either royalty payments or
tax notices by contacting the oil companies or going down to the tax office,
but he chose not to.  Yet, Mr. Johnson
had no reason to believe all of his properties had been conveyed to Spindletop
since he only intended to convey two of his properties, and he also had a
history of not paying taxes.  We conclude
that  reasonable minds may differ as to
the effect of this evidence.  See Hassel,
880 S.W.2d at 43.

In examining the
evidence submitted by Spindletop, we find that it has failed to sustain its
burden to negate the discovery rule and to establish that no genuine issue of
material fact exists concerning when Appellants discovered or in the exercises
of reasonable diligence should have discovered the catch-all language in the
Assignment in 1989.  The summary judgment
evidence does not conclusively establish as a matter of law that Mr. Johnson
was aware of his injury in 1989.  Based
on these finding, we conclude that the trial court=s
grant of summary judgment cannot be affirmed on limitations grounds.  We therefore sustain Issue One.

We reverse and
remand the trial court=s
judgment for further proceedings.

 

 

October 30, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.