ACCEPTED
12-14-00134-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/6/2015 11:17:02 AM
CATHY LUSK
CLERK

**CAUSE NO. 12-14-00134-CV**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/6/2015 11:17:02 AM
CATHY S. LUSK
Clerk

**IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS**

**AMERICAN IDOL GENERAL LP d/b/a The REO and RANDY HANSON,**

**APPELLANTS,**

**vs.**

**PITHER PLUMBING CO., INC.,**

**APPELLEES.**

**On Appeal from the188th Judicial District Court of Gregg County, Texas**

_____

**APPELLANTS' REPLY**

**COMES NOW,** American Idol General, LP and Randy Hanson, Individually, Appellants in the above-entitled and numbered cause and file the following reply to Appellee's Brief and in support thereof would respectfully show the court the following:

**BACKGROUND**

This reply is filed to address several issues raised by the plaintiff in regard to the summary judgment that was granted by the trial court. It is probably undisputed that this case is a mess. The plaintiff filed suit and the defendants answered pro se. The case proceeded to deposition and the defendants had difficulty in finding counsel. Next, the plaintiff moved

for summary judgment on claims that had never been plead. The defense counsel began to unravel the mess and responded to the summary judgment only to have the plaintiff argue that all of her evidence should be ignored on a ground that is not recognized by the Supreme Court of Texas or this court. Further, the trial court concluded that there was a fact issue relating to damages, but then proceeded to have communications outside the summary judgment record with plaintiff's counsel and allowed him to pick and choose what the "new" damage amount should be without any opportunity on the part of the appellants to respond or address it and without supplementing the summary judgment record. The trial court granted summary judgment and the appellants filed this appeal asking for reversal. This reply is filed to address matters raised in the appellee's brief.

## ARGUMENT AND AUTHORITIES

I.      **Mr. Hanson's Affidavit**

   A.      **The Affidavit is Not a Sham and Texas Has Not Recognized or Adopted the Federal Standard Regarding Subsequent Affidavits and Alleged Conflicts**

The affidavit filed by Mr. Hanson was not a sham. When suit was initially filed, the Appellants were not able to procure counsel. Therefore, Mr. Hanson and American Idol Gen LP filed "pro se" answers (which the limited partnership was probably not even authorized to do). The plaintiffs began requesting the deposition of Mr. Hanson. The Appellants found counsel and then was deposed and then forced to respond to a motion for summary judgment. Counsel began to unravel the mess of this case and prepared a response and supporting evidence. The evidence prevented summary judgment. However, the plaintiffs demanded

a hearing and asked the trial court to do something that it could not do and that was to disregard the evidence filed by Appellants. The plaintiff also asked the trial court to allow it to unilaterally address a fact issue found by the trial court relating to damages which the trial court also authorized. These actions were in error.

American Idol General, LP is an entity set up to own a liquor license. The general partner is American Idol, LLC. The plaintiffs did not allege that Mr. Hanson was a general partner in the court below and Mr. Hanson is not a general partner. The plaintiffs sued the entity that served only to own the liquor license. Mr. Hanson's affidavit is accurate and creates factual issues that prevented the trial court from granting summary judgment. Therefore, this court should reverse.

**B.      This Court Previously Rejected the Arguments Being Made by The Plaintiffs**

While the federal courts recognize a doctrine referred to as the "shame affidavit" doctrine, this doctrine has not been adopted by the Supreme Court of Texas or by this court. In fact, both the Supreme Court of Texas and this court have held that subsequent affidavits or depositions raise fact issues that would prevent summary judgment. In 2007, this court stated:

> The supreme court has addressed a similar situation in the context of affidavits that conflict with previous deposition testimony. In one such case, the supreme court stated that it is a
>
>> . . . well-established rule that a deposition does not have controlling effect over an affidavit in determining whether a motion for summary judgment should be granted. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 (1962). Thus, if conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact

issue is presented. *Gaines*, [163 Tex. at 626,] 358 S.W.2d at 562.

> *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988). Similarly, this court has stated that "[f]actual conflicts existing between the non-movant's own deposition and affidavit must be resolved in the non-movant's favor." *Hassell v. Mo. Pac. R.R. Co.*, 880 S.W.2d 39, 41 n.1 (Tex. App.--Tyler 1994, writ denied) (citing Randall, 752 S.W.2d at 5). The logic of these cases is sufficiently analogous to this case to dictate the same result. Because conflicting inferences could be drawn from Pierce's interrogatory answer and his affidavit, a genuine issue of material fact existed. *See Randall*, 752 S.W.2d at 5; *Gaines*, 163 Tex. at 626, 358 S.W.2d at 562; *Hassell*, 880 S.W.2d at 41 n.1. As such, the trial court erred when it granted summary judgment. *See Great Am. Reserve Ins. Co.*, 391 S.W.2d at 47.

*Pierce v. Washington Mut. Bank*, 226 S.W.3d 711 (Tex. App.– Tyler 2007, pet. denied).

The plaintiffs asked the trial court to disregard the evidence filed by the Appellants and this was improper. This court should reverse.

## II.    Mr. Hanson Individually and Plaintiff's Claim of Quantum Merit

The plaintiff filed suit against American Idol General, LP and Mr. Hanson individually. After filing suit, the plaintiff treated them as one and the same essentially ignoring Mr. Hanson by lumping him with the limited partnership. There was no allegation or pleading that Mr. Hanson was responsible individually. There was no allegation or evidence that Mr. Hanson was a general partner of the limited partnership.

On appeal, the plaintiffs alleged in their brief that Mr. Hanson was a general partner and this would be an independent ground for sustaining summary judgment. This is incorrect. First, there is no evidence in the record to support this. Second, there is only one general partner for American Idol General LP and it is American Idol LLC. Therefore, Mr. Hanson could not be liable as the general partner because he is not the general partner.

Additionally, the plaintiff moved for summary judgment on an unplead claim of

quantum merit. The plaintiff maintains that the issue was tried by consent. However, the plaintiff has offered no evidence on the merits to support such a claim. Quantum merit is a claim to prevent a landowner from being unjustly enriched when a direct claims is unsuccessful. However, in this case there is no evidence that Appellees are the landowner of the property. The summary judgment evidence demonstrated that the land was owned by a third party.

## III.  Damages

In the final issue, the plaintiff concede in appellee's brief, that the trial court and the plaintiff's counsel took actions outside of the summary judgment record to determine the amount of damages to be awarded to the plaintiff after the trial court agreed that there was a fact issue on the matter (Appellee's Brief, p. 34-35). The plaintiff cites no authority that would allow such action. Further, there is no authority that would allow it. The actions by the plaintiff and the trial court was in error. This court should reverse.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** American Idol General, LP and Randy Hanson, Individually, Appellants in the above referenced appeal and ask the court of appeals to reverse the trial court's summary judgment and remand this case to the trial court for further proceedings and for such other and further relief either at law or in equity to which Appellants may show just entitlement.

Respectfully submitted,

**THE GOOD LAW FIRM**
Law Office of Ken W. Good, P.L.L.C.
Bullard Square, Suite 102
5604 Old Bullard Road
Tyler, Texas 75703
(903) 705-7630
(866) 381-0455 (Fax)
keng@tyler.net


By:    /s/ Ken W. Good
       **Ken W. Good**
       State Bar No. 08139200


**ATTORNEY FOR PLAINTIFF AMERICAN IDOL, GENERAL, LP d/b/a The REO and RANDY HANSON**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words in this document is 1198 based upon the word count of the computer program used to prepare this document.

<u>    /s/ Ken W. Good       </u>
**KEN W. GOOD**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument has this day been

forwarded by regular mail, unless otherwise noted below, on this the 6th day of March, 2016.

| | |
|---|---|
| Mr. T. John Ward Jr. | **<u>Via Electronic Service</u>** |
| Ward & Smith Law Firm | jw@wsfirm.com |
| P.O. Box 1231 | |
| Longview, Texas 75606 | |
| | |
| Ms. Claire Abernathy Henry | claire@wsfirm.com |
| Ward & Smith Law Firm | |
| P.O. Box 1231 | |
| Longview, Texas 75606 | |
| | |
| Mr. Brett F. Miller | bmiller@wsfirm.com |
| Ward & Smith Law Firm | |
| P.O. Box 1231 | |
| Longview, Texas 75606 | |

                                                                  /s/ Ken W. Good

                                                                **KEN W. GOOD**