**Affirmed and Majority and Dissenting Opinions filed April 12, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00202-CV

### ALI MUSTAFA AND ALI REZA LAHIJANI, Appellants

### V.

### AMERICO ENERGY RESOURCES, LLC, Appellee

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-68458**

## DISSENTING OPINION

The majority's analysis holds that Texas landowners may not avail themselves of the discovery rule if they do not regularly inspect their lands for injuries, even when (1) there is no finding that they had any reason to believe that their lands should be inspected at any particular time and (2) the precise time within which such an inspection must occur is not specified. This holding is based upon the facts that (1) "the contamination was discoverable on February 27, 2015" due to "the discoloration present and visible on the ground at that time" (*see*

Majority Op. at 9) and (2) Appellants filed their Original Petition more than two years later. I respectfully believe the majority has overlooked the nuances of discovery rule jurisprudence, misapplied Texas Supreme Court precedent, and imposed an unclear burden upon Texas landowners that they did not previously possess despite refusing to address a dispositive fact during its de novo review. Therefore, I respectfully dissent.

## I. Relevant dates

The relevant dates are as follows:

| | | |
|---|---|---|
| 2010 | – | the last time either Appellant inspected the land until 2016; |
| February 2015 | – | defendants cleaned out the tanks and removed products; |
| March 2016 | – | plaintiffs inspected the property, discovered a white area, and believed a tank may have been leaking; and |
| October 13, 2017 | – | plaintiffs filed suit (and subsequently pled the discovery rule). |

## II. Analysis

Appellants pled the discovery rule. The discovery rule imposes a duty on plaintiffs to exercise reasonable diligence to discover facts of negligence or omission. *Bayou Bend Towers Council of Co-Owners v. Manhattan Constr. Co.*, 866 S.W.2d 740, 742 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of the concealed cause of action is equivalent to knowledge of the cause of action for limitation purposes. *Id.* at 747. When the discovery rule applies, claims accrue not when the wrongful conduct first causes a legal injury, but when the claimant first "knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury."

2

*Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 817 (Tex. 2021) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994))). "Knowledge of injury initiates the accrual of the cause of action and triggers the putative claimant's duty to exercise reasonable diligence to investigate the problem, even if the claimant does not know the specific cause of the injury or the full extent of it." *LaTouche v. Perry Homes, LLC*, 606 S.W.3d 878, 884 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (quoting *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 209 (Tex. 2011)). "As a carefully drawn exception, the discovery rule balances the conflicting policy benefits of precluding stale or spurious claims against the risks of precluding meritorious claims that fall outside an arbitrarily set period." *Syrian Am. Oil Corp., S.A. v. Pecten Orient Co.*, 524 S.W.3d 350, 360 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *S.V.*, 933 S.W.2d at 6 (quoting *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex. 1977))).

Based on Appellants' plea invoking the discovery rule, Appellee had the burden at summary judgment to negate its application by conclusively establishing that (1) the discovery rule does not apply, or (2) if it does apply, the summary judgment evidence negates it. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (per curiam) (citing *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223-24 (Tex. 1999)); *see also Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019). To prove that the discovery rule does not apply, Appellee was required to prove (1) when the cause of action accrued and (2) "as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury." *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 608 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *KPMG Peat Marwick v.*

*Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)); *see also DeWolf v. Kohler*, 452 S.W.3d 373, 389 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Under the circumstances, Appellee effectively established that the injuries at issue could not have occurred later than February 2015. However, Appellee did not prove as a matter of law that there was no genuine issue of material fact as to when Appellants would have discovered their injury had they exercised due diligence. *Compare Archer v. Tregellas*, 566 S.W.3d 281, 290 (Tex. 2018) ("An injury is inherently undiscoverable when it is 'unlikely to be discovered within the prescribed limitations period despite due diligence.'") (quoting *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313-14 (Tex. 2006) (per curiam) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734-35 (Tex. 2001))) *with Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 722 (Tex. 2016) ("reasonable diligence is an issue of fact"); *see also Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d 386, 398 (Tex. App.—Texarkana 1999, pet. denied) ("It is well settled that a question of when an injury should have been discovered is typically a question of fact *which requires evidence and findings*.") (emphasis added) (citing *Neel v. HECI Expl. Co.*, 942 S.W.2d 212, 221 (Tex. App.—Austin 1997), *rev'd on other grounds*, 982 S.W.2d 881 (Tex. 1998); *Hassell v. Mo. Pac. R.R. Co.*, 880 S.W.2d 39, 43 (Tex. App.—Tyler 1994, writ denied); *Enterprise-Laredo Assocs. v. Hachar's, Inc.*, 839 S.W.2d 822, 838 (Tex. App.—San Antonio 1992), *writ denied*, 843 S.W.2d 476 (Tex. 1992) (per curiam)); *Hohertz v. Durham*, 224 S.W. 549, 551 (Tex. App.—Austin 1920, no writ) ("In our opinion, however, he has alleged facts which, if true, would at least make it a question for the court or jury, as the case may be, to determine whether appellant, in all the circumstances, has used such diligence as an ordinarily prudent person would have exercised, or has excused the

failure to sooner have a survey made.") (citations omitted); *cf. Mytel Int'l Inc. v. Turbo Refrigerating Co.*, 689 S.W.2d 315, 318 (Tex. App.—Fort Worth 1985, no writ). Therefore, I believe the trial court abused its discretion when it granted summary judgment.

The majority states its analysis is supported by the Texas Supreme Court's decision in *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538 (Tex. 2017), but I respectfully believe this reliance upon such a readily distinguishable case reveals both the nature and magnitude of the majority's error. There, one of the owner-plaintiffs "had lived on" the property at issue during the relevant time period (*id.* at 541), "knew of many oil spills" around the property during the relevant time period, and considered them to be "everywhere". *Compare id.* at 541, 543 *with Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 540 (Tex. App.— Houston [14th Dist.] 1999, pet. denied) ("The discovery rule . . . tolls the running of the statute of limitations until the plaintiff discovered or should have discovered the nature of his injury.") (citing *Murphy v. Campbell*, 964 S.W.2d 265, 271 (Tex. 1997)). The supreme court's inherently undiscoverable analysis proceeded to rely upon these facts. *See ExxonMobil Corp.*, 511 S.W.3d at 544 ("Soil contamination from oil spills is unquestionably objectively verifiable, but it is not inherently undiscoverable within the limitations period. On the contrary, we have previously stated that application of the discovery rule in nuisance cases is rare, as plaintiffs *typically learn of unreasonable discomfort or annoyance promptly*. Nuisances caused by oil and gas operations prove no different. McDaniel testified that she often drove across the ranch, observing ExxonMobil's operations, and seeing and being told of oil spills and cleanup operations. There was nothing inherent in the possibility of contamination that kept the Ranch from hiring [its expert] sooner than it did.") (emphasis added). *ExxonMobil* is even further distinguishable

because it involved an active surface oil spill. Despite the majority's extrapolation, *ExxonMobil* never declares *anything* about the discoverability of surface injuries for landowners who do not live on the injured property because those were not the facts presented.

While I agree that analyses concerning statutes of limitations involve questions of law that can be decided via summary judgment, I am aware of no precedent, statute, or duty (aside from those associated with adverse possession) that mandates all Texas landowners to travel (sometimes considerable distances) to various properties on which they do not reside within an unspecified period of time to search for potential injuries. *Cf. Archer*, 566 S.W.3d at 291 (one who "already owns the land . . . is not required to search the records every morning in order to ascertain if something has happened that affects his interests or deprives him of his title") (citing *Cox v. Clay*, 237 S.W.2d 798, 804 (Tex. App.—Amarillo 1950, writ ref'd n.r.e.)). Without any such precedent or authority, I find it particularly difficult to accept that a court can decide as a matter of law that (1) injuries like the one at bar accrue when they occur, (2) Appellants' visitation of the land approximately 13 months after Appellee departed was not an exercise of reasonable diligence under the circumstances, (3) Appellants' original petition was outside the statute of limitations when it was filed approximately 19 months later, and (4) knowing a party has departed a landowner's property now requires reasonable Texans to "make inquiry leading to the discovery of the concealed cause of action" in some unspecified amount of time. *See Bayou Bend Towers Council of Co-Owners*, 866 S.W.2d at 747 ("Knowledge of facts, conditions, or circumstances which would cause a reasonable person to make inquiry leading to the discovery of the concealed cause of action is in the law equivalent to knowledge of the cause of action for limitation purposes.") (citing *Stephens v.*

*James*, 673 S.W.2d 299, 303 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)). Based on Appellee's own admission that February 27, 2015 would be the last relevant date on which the injury could have occurred, the majority's decision creates a new, unprecedented, unclear, and unwarranted rule that visiting property on which one does not live every 13 months is not an exercise of due diligence. Without authority to support its implicit conclusion under an erroneous application of *ExxonMobil*, I respectfully disagree.

Finally, the majority's analysis is based upon a significant error that it refuses to address despite our de novo review; *i.e.*, Appellee's failure to secure relevant findings. Specifically, Appellee's invocation of the statute of limitations required it to "plead, prove, *and secure findings* to sustain [its] plea of limitations." *Barras v. Barras*, 396 S.W.3d 154, 169 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (emphasis added) (citing *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988)). "A party who fails to secure findings to sustain his plea of limitations waives the defense." *Id.* (citing *Cooper v. Cochran*, 288 S.W.3d 522, 531 (Tex. App.—Dallas 2009, no pet.) (concluding party waived statute of limitations defense where he never requested any relevant findings of fact); *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 162 (Tex. App.—San Antonio 2008, pet. denied) (citing *Woods*, 769 S.W.2d at 517, in concluding same)); *see also Cooper*, 288 S.W.3d at 531 ("A party asserting an affirmative defense in a trial before the court must request findings in support of the defense to avoid waiver.") (citing *Alma Invs., Inc. v. Bahia Mar Co-Owners Ass'n*, 999 S.W.2d 820, 822 (Tex. App.—Corpus Christi 1999, pet. denied)). Here, Appellee did not request or secure findings of fact concerning its statute of limitations defense (*see* Majority Op. at 8) ("the order . . . contains no findings"). Therefore, Appellee's defense was waived as to the summary judgment before us. *Barras*, 396 S.W.3d at 169.

## III.    Conclusion

Based on the foregoing, I dissent from the majority's de novo affirmation of summary judgment based on a waived affirmative defense that is unsupported by findings, evidence, statutes, or case law and conclude Appellee failed to prove as a matter of law that landowners do not exercise due diligence when they:  (1) do not live on the property, (2) receive no notice of injuries to their property, and (3) visit their property approximately 13 months after a defendant departs under the same or similar circumstances.  Even after this de novo review, it is still unclear as to when Appellants should have discovered their injuries; therefore, Appellee failed to meet its summary judgment burden as a matter of law.  *Velocity Databank, Inc.*, 456 S.W.3d at 608 (citing *KPMG Peat Marwick*, 988 S.W.2d at 748).

/s/     Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant (Poissant, J., majority).